IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**MIGUEL A. ROBLES,**

    **Plaintiff,**

-v-

**FEDERAL HOME LOAN**      **CASE NO. 0:12-cv-61584**
**MORTGAGE CORPORATION;**
**CITIMORTGAGE, INC.,**

    **Defendants.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant CitiMortgage, Inc. ("CitiMortgage") gives notice of the removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. As grounds for this removal, CitiMortgage states as follows:

## INTRODUCTION

1.    Plaintiff Miguel A. Robles recently commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case Number 12-13550, naming Federal Home Loan Mortgage Corporation ("Freddie Mac") and CitiMortgage as defendants.

2019406 v1
589449 v3

2. Plaintiff effected service of process upon CitiMortgage on July 17, 2012.

3. Plaintiff effected service of process upon Freddie Mac on July 26, 2012. Freddie Mac consents to this removal.

4. Therefore, this Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty (30) days from the date this action first became removable.

5. Plaintiff's claim purports to arise from the servicing of his mortgage loan and note. Specifically, Plaintiff alleges that CitiMortgage violated 15 U.S.C. § 1641(f)(2) of the Truth In Lending Act ("TILA") by failing to disclose the identity of the owner of Plaintiff's Promissory Note after receiving a written request from Plaintiff. (Compl. ¶¶ 14-15).[1] Further, Plaintiff alleges that CitiMortgage acted as the agent of Freddie Mac and, thus, Freddie Mac is responsible for CitiMortgage's conduct pursuant to the TILA. (Compl., ¶¶ 24-25, 29).

6. This case is properly removable pursuant to 28 U.S.C. § 1441 because the Complaint asserts a claim arising under federal law.

---

[1] Nothing in this Notice of Removal shall be construed as an admission or waiver that Plaintiff has stated a viable cause of action or otherwise suffered any actionable damage.

## FEDERAL QUESTION JURISDICTION

7. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal-question jurisdiction exists pursuant to the plain language of the Complaint. District Courts shall have original jurisdiction of all civil actions asserting claims or protecting rights that arise under federal law. 28 U.S.C. § 1331.

8. Title 28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

9. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

10. Here, Plaintiff's Complaint asserts a claim and seeks relief under a federal statute, the TILA. Specifically, in Count I (Violation of TILA), Plaintiff alleges that CitiMortgage did not comply with 15 U.S.C. § 1641(f)(2) and that Freddie Mac is responsible for CitiMortgage's actions. (Complaint, ¶¶ 14-32).

11. Because Plaintiff's claim for the alleged violation of this federal act raises federal questions and arises under federal law, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and this Court can properly exercise

jurisdiction over this claim. *See Boone v. JP Morgan Chase Bank, et al.*, No. 11-10891, 447 Fed. Appx. 961 (11th Cir. November 30, 2011) (finding TILA properly supported removal to federal court based upon federal-question jurisdiction).

## PROCEDURAL REQUIREMENTS

12. No prior application has been made for the relief requested herein.

13. A true and correct copy of the state court's file (as of August 15, 2012) is attached hereto as Exhibit "A." *See* 28 U.S.C. § 1446(a).

14. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is the court and division embracing the place where this action is pending in state court.

15. CitiMortgage is promptly filing a copy of this Notice of Removal with the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

16. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

17. To the extent remand is sought by Plaintiff or visited by the Court, CitiMortgage requests the opportunity to brief the issues and be heard at oral argument.

18. CitiMortgage reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

## ADOPTION AND RESERVATION OF DEFENSES

19. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of CitiMortgage's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. R. Civ. P. 1.140 or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

20. CitiMortgage also reserves the right to demand arbitration pursuant to its contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

**WHEREFORE**, CitiMortgage prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

CitiMortgage further prays that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the

County Court of the 17th Judicial Circuit in and for Broward County, Florida, be hereby stayed.

Dated: August 15, 2012.

Respectfully submitted,

*s/ Christy T. Nash*
Christy T. Nash (FL Bar No. 0550541)
BURR & FORMAN LLP
200 S. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
cnash@burr.com

ATTORNEY FOR CITIMORTGAGE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office address through first-class, United States mail, postage prepaid, on this the 15th day of August, 2012:

Yechezkel Rodal
Loan Lawyers, LLC
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
chezky@floridaloanlawyers.com

Federal Home Loan Mortgage
Corporation
8200 Jones Branch Drive
McLean, VA 220102

*Attorney for Plaintiff*

        *s/ Christy T. Nash*
        OF COUNSEL